# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STARCIA SCOTT and AARON BLAKE, | : : Civil Action No. |
| Plaintiffs, | : : : Jury Trial Demanded |
| vs. | : : |
| SOUTHCREST FINANCIAL GROUP, INC., | : : : |
| Defendant. | : : |

## COMPLAINT

Plaintiffs Starcia Scott ("Ms. Scott") and Aaron Blake ("Mr. Blake") (collectively "Plaintiffs"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, bring this Complaint against Defendant SouthCrest Financial Group, Inc. ("SouthCrest") and show the Court as follows:

## INTRODUCTION

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq*.), ("the FLSA") to recover due but unpaid overtime wages, additional like amounts as liquidated damages, and to be reimbursed for their costs of litigation, including their reasonable attorney's fees.

1

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Art. III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because SouthCrest's principal place of business is located in this judicial district and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## THE PARTIES

4.

Ms. Scott resides in Fulton County, Georgia.

5.

Mr. Blake resides in Paulding County, Georgia.

6.

SouthCrest is a corporation organized under the laws of the State of Georgia.

7.

SouthCrest can be served with process through its registered agent, Joan Cravey located at 403 Westpark Court, Suite 130, Peachtree City, Georgia 30269.

8.

SouthCrest is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

9.

SouthCrest is in the business of selling and servicing residential mortgages in the Atlanta metropolitan area.

10.

In pursuit of this business SouthCrest employs persons as mortgage loan officers.

11.

SouthCrest's mortgage loan officers have the primary duty of selling residential mortgage loans.

12.

SouthCrest employed Ms. Scott as a mortgage loan officer at its business in Woodstock, Georgia, from December 17, 2012 to April 26, 2013.

13.

At all times material hereto, SouthCrest has been an "employer" of Ms. Scott as defined in FLSA § 3(d), 29 U.S.C. §203(d).

14.

At all times material hereto, Ms. Scott has been an "employee" of SouthCrest as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

15.

At all times material hereto, Ms. Scott has been "engaged in commerce" as an employee of SouthCrest as defined in the FLSA, 7(a) (1), 29 U.S.C. § 207(a) (1).

16.

SouthCrest employed Mr. Blake as a mortgage loan officer at its business in Woodstock, Georgia, from December 17, 2012 to April 26, 2013.

17.

At all times material hereto, SouthCrest has been an "employer" of Mr. Blake as defined in FLSA § 3(d), 29 U.S.C. §203(d).

18.

At all times material hereto, Mr. Blake has been an "employee" of SouthCrest as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

19.

At all times material hereto, Mr. Blake has been "engaged in commerce" as an employee of SouthCrest as defined in the FLSA, 7(a) (1), 29 U.S.C. § 207(a) (1).

20.

At all times material hereto, two or more employees of SouthCrest used or handled items that moved in interstate commerce that are necessary for performing SouthCrest's business.

21.

At all times material hereto, SouthCrest had two or more employees who regularly used wires for the interstate transfer of funds in the furtherance of SouthCrest's business.

22.

During 2012, SouthCrest had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2013, SouthCrest had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, SouthCrest had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2013, SouthCrest had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2012, SouthCrest had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2013, SouthCrest had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2012, SouthCrest was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 3(s)(1), 29 U.S.C. § 203(s)(1).

29.

During 2013, SouthCrest was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 3(s)(1), 29 U.S.C. § 207(s)(1).

30.

At all times material hereto, Ms. Scott was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

31.

At all times material hereto, Ms. Scott was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

32.

At all times material hereto, SouthCrest did not employ Ms. Scott in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

33.

At all times material hereto, SouthCrest did not employ Ms. Scott in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

34.

At all times material hereto, Mr. Blake was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

35.

At all times material hereto, Mr. Blake was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

35.

At all times material hereto, SouthCrest did not employ Mr. Blake in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, SouthCrest did not employ Mr. Blake in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

37.

At all times material hereto, SouthCrest paid its mortgage loan officers on the basis of a 40 hour per week minimum wage draw and commission for loans that were complete, as reduced by the amount of minimum wage draw paid.

38.

At all times material hereto, Mr. Blake regularly worked as a mortgage loan officer for Southcrest more than 40 hours per week.

39.

At all times material hereto, Ms. Scott regularly worked as a mortgage loan officer for Southcrest more than 40 hours per week.

40.

At all times material hereto, SouthCrest failed to pay Ms. Scott at one and half times her regular rate for work she performed in excess of 40 hours per week.

41.

At all times material hereto, SouthCrest failed to pay Mr. Blake at one and half times his regular rate for work he performed in excess of 40 hours per week.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES TO MS. SCOTT

42.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

43.

At all times material hereto, Ms. Scott has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

44.

During her employment with SouthCrest, Ms. Scott regularly worked in excess of forty (40) hours per week.

45.

At all times material hereto, SouthCrest failed to pay Ms. Scott at one-and-one-half times her regular rate for the work she performed in excess of forty (40) hours in any week.

46.

At all times material hereto, SouthCrest willfully failed to pay Ms. Scott at one-and-one-half times her regular rate for the work she performed in excess of forty (40) hours in any week.

47.

Ms. Scott is entitled to payment of due but unpaid overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

48.

As a result of the willful nature of SouthCrest's underpayment of overtime wages as alleged above, Ms. Scott is entitled to payment of liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

49.

Ms. Scott is entitled to be reimbursed for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME WAGES TO MR. BLAKE

50.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

51.

At all times material hereto, Mr. Blake has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

52.

During his employment with SouthCrest, Mr. Blake regularly worked in excess of forty (40) hours per week.

53.

At all times material hereto, SouthCrest failed to pay Mr. Blake at one-and-one-half times his regular rate for the work he performed in excess of forty (40) hours in any week.

54.

At all times material hereto, SouthCrest willfully failed to pay Mr. Blake at one-and-one-half times his regular rate for the work he performed in excess of forty (40) hours in any week.

55.

Mr. Blake is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the willful nature of SouthCrest's underpayment of overtime wages as alleged above, Mr. Blake is entitled to payment of liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

57.

Mr. Blake is entitled to be reimbursed for his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs be awarded amounts to be determined at trial against SouthCrest in unpaid overtime wages and pre- and post-judgment interest thereon;

2. That Plaintiffs be awarded amounts to be determined at trial against Southcrest as liquidated damages pre- and post-judgment interest thereon;

3. That Plaintiffs be awarded their costs of litigation, including their reasonable attorney's fees, from SouthCrest; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS &
FITZPATRICK, LLC*

| | |
|---|---|
| 3100 Centennial Tower | */s/ Charles R. Bridgers* |
| 101 Marietta Street | Charles R. Bridgers |
| Atlanta, Georgia 30303 | Ga. Bar No. 080791 |
| (404) 979-3171 | |
| (404) 979-3170 (f) | */s/ Kevin D. Fitzpatrick, Jr.* |
| charlesbridgers@dcbflegal.com | Kevin D. Fitzpatrick, Jr. |
| kevin.fitzpatrick@dcbflegal.com | Ga. Bar No. 262375 |
| matthew.herrington@dcbflegal.com | |
| | */s/ Matthew W. Herrington* |
| | Matthew W. Herrington |
| | Ga. Bar No. 275411 |

*Counsel for Plaintiffs*